KEVIN V. RYAN (CSBN 118321)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
JULIE A. ARBUCKLE (CSBN 193425)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7102
    Fax: (415) 436-6748

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| RONALD MAHTESIAN, | ) | No. C 05-0531 MMC |
| Plaintiff, | ) ) ) | ORDER GRANTING TREASURY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT |
| v. | ) ) | |
| THE U.S. DEPARTMENT OF TREASURY, | ) ) ) | [Fed. Rule Civ. Proc. 12(b)(6)] |
| Defendant | ) ) ) ) | |

    Before the Court is Defendant United States Department of Treasury's ("Treasury") Motion to Dismiss Plaintiff Ronald Mahtesian's Complaint. After considering all papers filed in support of and in opposition to the Motion, the Court hereby GRANTS Treasury's Motion on the ground that the Privacy Act claim Plaintiff alleges in this case is barred by the judgment this Court entered after Plaintiff accepted Treasury's Offer of Judgment in his two prior consolidated lawsuits against Treasury – Case Nos. 03-5372 MMC (Lead Case) and 04-1306 MMC (the "Consolidated Cases") – which both also alleged violations of and sought relief under the Privacy Act, 5 U.S.C. §552a.

    Plaintiff sought the same relief he seeks in this case in the First Amended Complaint in Case No. 04-1306 MMC he filed on July 12, 2004, before he accepted Treasury's Offer of Judgment.

1 (Compare, e.g., Treasury's Req. for Jud. Notice Ex. C at 11:10-12, with Compl. ¶ 10.)  Further, both this action and the Consolidated Cases allege a violation of the same statutory right, i.e., 5 U.S.C. §552a(g)(1), and arise out of the same transactional nucleus of facts, i.e., Treasury's allegedly unlawful background investigation of Plaintiff and subsequent decision not to amend or expunge records relating to the background investigation in full accordance with Plaintiff's Privacy Act request.  Given the overlapping allegations, this action and the Consolidated Cases could have been conveniently tried together.  Further, plaintiff had exhausted his administrative remedies prior to the date he filed his First Amended Complaint in Case No. 04-1306 MMC.  Consequently, Plaintiff's Complaint in this action is barred by the doctrine of res judicata.  See Wilkes v. Wyoming Dept. of Employment Division of Labor Standards, 314 F. 3d 501, 504 (10th Cir. 2002) (holding judgment entered pursuant to Rule 68 Offer of Judgment constitutes final judgment for purposes of res judicata); International Union of Operating Engineers v. Karr, 994 F. 2d 1426, 1429 (9th Cir. 1986) ("Res judicata bars not only claims that were actually litigated, but also all claims that 'could have been asserted' in the prior action."); Clark v. Bear Stearns & Co., 966 F. 2d 1318, 1320 (9th Cir. 1992)("[R]es judicata bars all grounds for recovery that could have been asserted, whether they were or not, in a prior suit between the same parties on the same causes of action.")

 Accordingly, IT IS HEREBY ORDERED that the above-captioned action be dismissed with prejudice.

 IT IS SO ORDERED.

Dated: June 1, 2005             /s/ Maxine M. Chesney
                       United States District Judge